### *In re* TRUSTEES OF SIMONDS SOAP CO.

*(Supreme Court, General Term, First Department.* November 13, 1891.)

INSOLVENCY OF CORPORATIONS—APPOINTMENT OF RECEIVER—INJUNCTION AGAINST CREDITORS.

> The court has no power to grant an injunction restraining creditors from suing an insolvent corporation, unless a receiver for such corporation has been appointed, under Code Civil Proc. N. Y. § 2423, which provides that, "if such receiver be appointed, the court may * * * grant an injunction restraining the creditors of the corporation from bringing any action against the said corporation for the recovery of a sum of money," etc.; but the application for the appointment of the receiver and for the injunction can be made at the same time. *In re French Manuf'g Co.,* 12 Hun, 488, distinguished.

Appeal from special term, New York county.

Application by the trustees of the Simonds Soap Company for a voluntary dissolution. George H. Wyckoff, a creditor of the corporation, appeals from an order denying his motion to vacate an order enjoining creditors from prosecuting suits against the corporation. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, J.

*John J. Adams,* for appellant. *Henry Stanton,* for respondent.

VAN BRUNT, P. J. In May, 1891, a majority of the trustees of the Simonds Soap Company, a corporation created under the laws of this state, presented their petition to the court, praying for a final order dissolving said corporation; and thereupon, on said day, upon due notice to the attorney general,

an order was made requiring the creditors to show cause why the corporation should not be dissolved.    Thereafter, on May 25th, due notice was given to the attorney general of a motion to be made for an order appointing a temporary receiver and enjoining creditors from prosecuting suits; on the return of which notice an order was made appointing a temporary receiver and enjoining creditors from prosecuting suits.    At the time of the making of this order the appellant was prosecuting a suit against the Simonds Soap Company, in the city court of New York, and upon the affidavit of his attorney an order was made requiring the receiver to show cause why said injunction order should not be vacated, so far as it restrained and enjoined the appellant from proceeding with his said action to judgment and execution.    This motion was denied, and from the order thereupon entered the creditor (the appellant) appeals to this court.

It is claimed upon the part of the appellant that the appointment of the temporary receiver must be completed by the actual entry of the order appointing him before any application can be made for an injunction restraining creditors; and our attention is called to the case of *In re French Manuf'g Co.*, 12 Hun, 488, in which it was decided that, upon the presentation of an application for a voluntary dissolution under the provisions of the Revised Statutes, an injunction restraining a creditor from proceeding against the corporation to enforce his demand cannot be granted at the same time with the order to show cause why such dissolution should not be had.    We fail to see that the case cited has any application to the question now presented before the court.    By section 2423 of the Code, which relates to the procedure for the dissolution of a corporation, it is provided that, if it shall be made to appear to the satisfaction of the court that the corporation is insolvent, the court may at any stage of the proceeding before final order, on motion of the petitioners on notice to the attorney general, or on motion of the attorney general on notice to the corporation, appoint a temporary receiver, etc.    The last clause provides that "if such receiver be appointed the court may, in its discretion, on like motion and notice, with or without security, at any stage of the proceeding before final order, grant an injunction restraining the creditors of the corporation from bringing any action against the said corporation for the recovery of a sum of money, or from taking any further proceedings in such an action theretofore commenced."[1]    It is perfectly apparent that the intention of this legislation is to guard the assets of an insolvent corporation against the invasions of creditors, whereby they will obtain preferences in the collection of their debts; and it was found necessary, in order that the proceedings should be effectual in preventing such a result, to amend the provisions of the Code giving the courts additional power in this direction, viz., to appoint a temporary receiver before final order, and granting an injunction against the prosecution of suits against the corporation.    The latter remedy is incidental, depending upon the former.    The court has no right to grant an injunction unless it appoints a receiver, who shall protect the property for the benefit of all the creditors of the corporation.    Now, it is clear that, until the court has determined upon the propriety of the appointment of a receiver, it cannot grant an injunction, and therefore the decision in the case cited was entirely correct. All that that case held was that an injunction could not be granted at the time that the order to show cause was granted why dissolution should not be had. The question of dissolution and of the appointment of a receiver depended upon the insolvency of the corporation, and if that appeared to the court, and a receiver was appointed, then a temporary receiver might be appointed.    Now, the court having determined upon the appointment of a receiver, and that that was necessary for the protection of the property of the corporation, then it had the right to grant the injunction.    The remedies went hand in hand,

[1] As amended by Laws 1889, c. 314.

the injunction depending upon the appointment of a receiver, although the appointment of a receiver did not depend upon the injunction. The receiver was appointed when the court entered the order directing his appointment, and the creditors were enjoined at the same time, and the injunction is not granted except a receiver be appointed. In construing the terms of this legislation, the object to be attained must necessarily be considered. There was no propriety in postponing the commencement of proceedings to obtain the injunction until after the appointment of the receiver. The adjudication for an injunction could not take place until the propriety of appointing a receiver had been determined. The statute does not say that the motion and notice shall be given after the appointment of a receiver, but, if such a receiver be appointed, the court may in its discretion, on like motion and notice, whenever given, enjoin; but it has, as already stated, no power to enjoin until it has determined upon the propriety of appointing a receiver, and taking possession of the property of the corporation by its officer. We think the order appealed from should be affirmed, with $10 costs and disbursements, but with leave to apply to the court now for a modification of the injunction permitting him to enter judgment and issue execution in order to form the basis of an action against the stockholders of the corporation, if he be so advised.